ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GO MEDICAL INDUSTRIES, PTY LTD. and ALEXANDER G.B. O'NEIL,<br><br>Plaintiffs,<br><br>v.<br><br>INMED CORP., d/b/a RÜSCH, and ALPINE MEDICAL, INC. (formerly known as Medical Marketing Group, Inc.),<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 101-CV-0313-TWT<br><br>FILED IN OPEN COURT<br>U.S.D.C. Atlanta<br><br>FEB 1 1 2004<br><br>LUTHER D. THOMAS, Clerk<br>By: _____ Deputy Clerk |

**PLAINTIFFS' SECOND SUPPLEMENTAL REQUESTED JURY INSTRUCTION**

Respectfully submitted,

*/s/ Lori L. Menshouse*

PATRICK J. FLINN
Georgia Bar Number 264540
ROBIN L. McGRATH
Georgia Bar Number 493115
ANDREW J. WILSON
Georgia Bar Number 737599
LORI L. MENSHOUSE
Georgia Bar Number 502068

ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777

Attorneys for Plaintiffs
GO MEDICAL INDUSTRIES PTY, LTD.
and ALEXANDER G.B. O'NEIL

ATL01/11597709v2

# REQUESTED JURY INSTRUCTION NO. 27

*Plaintiffs' Seventh Claim*
*Common Law Trademark Infringement*
*Punitive Damages*

If you find that MMG or Rüsch infringed Plaintiffs' O'NEIL trademark, then you must also determine whether Plaintiffs have proven by clear and convincing evidence that the infringing Defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and if so, that the infringing Defendant acted with the further specific intent to cause harm to Plaintiffs.

If you find that the infringing Defendant acted in any of these manners, you may award additional damages in an amount sufficient:

(1) to punish the infringing Defendant;
(2) to make an example of the infringing Defendant to others;
(3) to deter the infringing Defendant from future misconduct; or
(4) as an approximate award to Plaintiffs of their expenses of litigation.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

SOURCE:    Adapted from O.C.G.A. § 51-12-5.1; 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30.96 (2003); KEVIN F. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS, CIVIL, § 104.02 (5th ed. 2000).

GIVEN: _____

REFUSED: _____

AMENDED: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GO MEDICAL INDUSTRIES PTY, LTD., and ALEXANDER G.B. O'NEIL, <br><br> Plaintiffs, <br><br> v. <br><br> INMED CORP., DBA RÜSCH,. and ALPINE MEDICAL, INC. (formerly known as Medical Marketing Group, Inc.), <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 101-CV-0313-TWT |

## CERTIFICATE OF SERVICE

This is to certify that the foregoing PLAINTIFFS' SECOND SUPPLEMENTAL REQUESTED JURY INSTRUCTION was served upon Defendants Alpine Medical Inc. and Inmed Corp. d/b/a Rüsch by causing true and correct copies thereof to be delivered to Defendants' attorneys of record via hand delivery as follows:

| **Inmed Corporation** | **Alpine Medical, Inc.** |
|---|---|
| Robert B. Hill, Esq. | Ron L. Quigley, Esq. |
| William S. Sutton, Esq. | Davis, Matthews & Quigley |
| McLain and Merritt, P.C., #500 | 14TH Floor, Lenox Tower II |
| 3445 Peachtree Road, N.E. | 3400 Peachtree Road, NE |
| Atlanta, Georgia 30326-9171 | Atlanta, Georgia 30326-1186 |

ATL01/11597709v2

This 11th day of February, 2004.

_____
LORI L. MENSHOUSE